UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Sandra Trio

        Plaintiff,

v.                                                Case No.: 1:21–cv–04409
                                                  Honorable John Robert Blakey

Turing Video, Inc.

        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, February 15, 2023:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff sued Defendant for failing to obtain informed written consent and a release before obtaining biometric identifiers, in violation of 740 ILCS § 14/15(b) (count 1); and for disclosing biometric identifiers and information before obtaining consent, in violation of 740 ILCS § 14/15(d) (count 2), and she sues on behalf of "all individuals in the State of Illinois who had their facial geometry, fingerprints, or other biometric data collected, captured, received, obtained, maintained, stored, disseminated or disclosed by Turing during the applicable statutory period." [1–1] 68. On 9/26/22, this Court denied Defendant's motion to dismiss, [45], [46]; in particular, the Court held that the claim at issue was not preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because "Turing's obligations under BIPA stand wholly independent of whether Plaintiff's union may have consented to Jewel–Osco, her employer, collecting and disseminating her biometric data. In other words, resolution of the state law BIPA claims would not require this Court to interpret any collective–bargaining agreement, and instead depend upon the entirely unrelated question of whether Turing provided Plaintiff with the necessary disclosures and obtained from her the required written release before it collected and disseminated her biometric information." Defendant asks the Court to reconsider the matter. See [47]. In a motion to reconsider, the movant must establish "a manifest error of law or fact or present newly discovered evidence." Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014) (quoting Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011)); Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). "'A manifest error' is not demonstrated by the disappointment" of the losing party; instead, Defendant must demonstrate a quot;'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Here, Defendant fails to meet the heavy burden needed for reconsideration. The Court did not err on the law or facts, but simply declined to accept Defendant's arguments on preemption. Although Defendant disagrees, the Court continues to find it significant that Defendant is not a party to any CBA or contract with Plaintiff's employer; nor are any of the putative class members likely to be union members subject to a CBA. Thus, as in Figueroa v. Kronos Inc., 454 F. Supp. 3d 772, 791 (N.D. Ill. 2020), "it is speculative at this stage for" Defendant to suggest that "claims involving a non–employer... vendor like" Defendant

"will turn on interpreting a collective bargaining agreement to which it was not a party." All of the BIPA cases Defendant cites involved claims made by a union member against the employer, which was a party to the CBA. That is not this case. And the non–BIPA cases Defendant cites do not compel a different outcome. In Kimbro v. Pepsico, Inc., for example, the Seventh Circuit mused that when a claim is preempted, suing the supervisors as well as the employer does not alter the outcome because, "the burden of the liability will come to rest on the employer, making it the de facto defendant in a de facto suit under state law for breach of a collective bargaining contract. And this section 301 does not permit." 215 F.3d 723, 727 (7th Cir. 2000). But nothing in the current record before the Court suggests that the same principle applies here. The complaint does not assert any claim against Jewel–Osco, express or implied. As in Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988), the factual questions of whether Defendant obtained informed written consent and a release before collecting biometric data and disclosed biometric data before obtaining consent "pertain to the conduct" of Plaintiff and Defendant, and do not require the Court to interpret any term of any collective–bargaining agreement. The right to enforce Defendant's compliance with the BIPA comes, not from any CBA, but from the state statute. As a result, the claims remain viable here, and the Court denies Turing's motion to reconsider [47]. The Court also declines to certify the matter for interlocutory appeal. The Court may certify for immediate interlocutory appeal otherwise unappealable orders that involve "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Other than Defendant's argument, the Court does not find "substantial ground for difference of opinion"; Miller and the line of cases following it all involved BIPA claims asserted by union member plaintiffs against the employer, which collected the biometric data pursuant to an authorization contained in a CBA negotiated by that employer and the union to which the plaintiffs belonged. That is not this case, and Defendant has not offered persuasive authority that Miller should be extended to the facts alleged here, particularly where the putative class as defined by Plaintiff likely encompasses individuals who are not union members and thus are not bound by any CBA. Defendant shall answer the complaint by 3/8/23, and the parties shall file a joint status report by 3/15/23, using the model template set forth in this Court's standing order regarding Initial (or Reassignment) Status Conferences. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.